UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-3257 AGF |
| ) | |
| RONNIE L. WHITE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Willie Cox, a/k/a Abbue-Jau, for leave to proceed in forma pauperis in this civil action. For the reasons explained below, the motion will be denied, and this case will be dismissed.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or malicious. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint is malicious if it was filed for the purpose of harassing the named defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).

When considering whether a complaint is malicious, the Court may refer to objective factors such as the circumstances surrounding the filing and the nature of the allegations. *Id.* Additionally, the Eighth Circuit has recognized that "malicious" applies to situations where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v.*

*Asher,* 741 F.2d 209, 213 (8th Cir. 1984), *Cooper v. Wood,* 111 F.3d 135 (8th Cir. 1997) (unpublished); *see also In re McDonald,* 489 U.S. 180 (1989) (leave to proceed in forma pauperis can be denied based in part on prior abusive litigation).

## Background

The case at bar is one of many interrelated civil rights actions plaintiff has filed pro se and in forma pauperis in this Court since September 17, 2019.[1] As of the date of this Memorandum and Order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth therein. In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process, and cautioned him that restrictions may be imposed if he continued the practice. On November 22, 2019, plaintiff began filing lawsuits seeking damages against the District Judges of this Court who dismissed his cases.[2] On December 10, 2019, the judges of the Eastern District of Missouri en banc issued an

---

[1] *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019); *Cox v. Atchison*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Hartman,* 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019); *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019); *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019); *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019); *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019); *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019); *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019); *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019); *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019); *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019); *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019); *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019); *Cox v. Ferguson, City of*, 4:19-cv-03115-SNLJ (E.D. Mo. Nov. 18, 2019). *See Cox v. Shelton*, No. 4:19-cv-03182-PLC (E.D. Mo. Dec. 3, 2019); *Cox v. Dignam*, 4:19-cv-03183-JMB (E.D. Mo. Dec. 3, 2019), *Cox v. Dewey*, No. 4:19-cv-03253-JCH (E.D. Mo. Dec. 11, 2019).

[2] *See Cox v. Fleissig,* 4:19-cv-03133-SRC (E.D. Mo. Nov. 22, 2019); *Cox v. Autrey*, 4:19-cv-03143-SPM (E.D. Mo. Nov. 25, 2019); *Cox v. Autrey,* 4:19-cv-03144-JCH (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-03152-SNLJ (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-03153-HEA (E.D. Mo. Nov. 25, 2019); *Cox v. Ross,* 4:19-cv-03156-JMB (E.D. Mo. Nov. 26, 2019); *Cox*

order giving plaintiff ten days to show cause as to why he should not be prohibited from filing future actions in this Court without first obtaining leave of the Court. Plaintiff filed a response to the Order to Show Cause on December 12, 2019.

**The Complaint**

Plaintiff brings this action against the Honorable Ronnie L. White to complain about the dismissal of one or more of his prior cases.[3] Plaintiff has not alleged a basis for bringing this action against Judge White, stating only that he believes that Judge White did not have jurisdiction to review his action or actions. Plaintiff asserts that "no court in the United States…has jurisdiction to make any legal decisions on a 'traffic ticket/citation.'"

In his "Statement of Claim," plaintiff asserts:

> [Judge] Ronnie L. White dismissed a case where he didn't nor could not, in the United States of America, have any jurisdiction to do so. The Constitution does not allow traffic tickets/citation writs of assistance or Bills of Attainder. Article 1 Section 10 United States Constitution.

Plaintiff seeks several million dollars in damages in this action.

**Discussion**

The Court finds that plaintiff's in forma pauperis application should be denied and this action should be dismissed because the complaint is frivolous and malicious. The complaint is frivolous because judges generally cannot be sued for monetary relief based on alleged judicial misconduct, and nothing in the instant complaint establishes that Judge White acted in the absence

---

*v. Ross,* 4:19-cv-03157-DDN (E.D. Mo. Nov. 26, 2019); *Cox v. Clark,* No. 4:19-cv-03175-AGF (E.D. Mo. Nov. 27, 2019), *Cox v. Hamilton,* No. 4:19-cv-03202-HEA (E.D. Mo. Dec. 5, 2019), *Cox v. Fleissig,* No. 4:19-cv-03234-SRC (E.D. Mo. Dec. 10, 2019), *Cox v. Limbaugh*, No. 4:19-cv-03235-AGF (E.D. Mo. Dec. 10, 2019), *Cox v. White,* No. 4:19-cv-03257-AGF (E.D. Mo. Dec. 11, 2019), *Cox v. Hamilton,* No. 4:19-cv-03261-HEA (E.D. Mo. Dec. 11, 2019).

[3]Plaintiff has not identified the case or cases to which he refers.

of jurisdiction or outside his judicial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)).

The complaint is malicious because it is clear from the circumstances surrounding the filing and the nature of the allegations that plaintiff filed the complaint to harass and disparage Judge White for ruling against him, *see Spencer*, 656 F. Supp. at 461-63, and because the complaint is clearly part of a pattern of abusive and repetitious lawsuits. *See Horsey,* 741 F.2d at 213.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will be entered herewith.

Dated this 16th day of December, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE